# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

JAMES MARBLE, ET AL.                                                  PLAINTIFFS

V.                                                  CAUSE NO. 3:20-CV-36-CWR-FKB

SANGALLI PRIVATE VENTURES,                            DEFENDANTS
LLC, ET AL.

## ORDER

Before the Court is the defendants' motion to dismiss or, in the alternative, to abstain. The matter is fully briefed and ready for adjudication.

The parties are familiar with the factual and procedural history of this long-running business dispute, so the Court will proceed to the dispositive issue—abstention.

The threshold question is whether this case and the Arkansas state court action "are sufficiently parallel to make consideration of abstention proper." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014). The plaintiffs concede the general similarity of "the parties and claims," Docket No. 7 at 17, yet press that the cases are not parallel. They observe that this case has one extra plaintiff and three additional defendants—the members of Sangalli Private Ventures, LLC—and note that they have lodged more causes of action in this case than they have in the Arkansas case.

Similar arguments were rejected in *Lucien*. There, as here, "those named as parties in the two actions are not precisely identical, but the record is clear that there are only two sides in this dispute." *Lucien*, 756 F.3d at 798. And the plaintiffs' argument about extra claims is not persuasive since they can refile their causes of action from this suit as counterclaims in the Arkansas suit. For these reasons, the Court is "comfortable" that the two cases are sufficiently parallel. *Id.* at 797-98.

With that dispute resolved, the parties then agree that the remainder of the abstention issue turns on the *Colorado River* factors discussed in *Lucien*. Those factors are:

> 1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Id.* at 798 (citation omitted). These factors are to be applied only in exceptional circumstances; holistically rather than mechanically; and "based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 797-98 (quotation marks, citation, and brackets omitted).

In this case, the first factor "weighs heavily in favor of abstention," since the Arkansas court assumed jurisdiction over the proxies when it issued a preliminary injunction last month. *Id.* at 798. That court determined that venue there was proper and that the plaintiffs waived their right to challenge venue. Docket No. 4-8. Proceeding here "in the subsequently filed, parallel federal action would present a significant risk of inconsistent rulings as to the ownership of the property." *Lucien*, 756 F.3d at 799-800.

The second factor weighs "only slightly" in favor of abstention, as the Arkansas courthouse is marginally closer to the parties than the Mississippi courthouse where this case would be heard. *Id.* at 800. The Court acknowledges that the sand plant is in Mississippi, which does support the plaintiffs' argument on this factor. That said, all but one of the parties are in Texas or Oklahoma, and the proxies themselves are apparently now in Texas. These factors tip the scale slightly in favor of proceeding in Arkansas.

The third factor again "weighs heavily in favor of abstention." *Id.* The Fifth Circuit explained that "[i]f the federal action should continue unabated, the district court and the state

court would each determine the same issues with respect to the same property. The risk of inconsistent rulings would therefore be very real." *Id.*

Like the second factor, the fourth factor favors abstention. The Arkansas action preceded this one by one month, and is farther along, given the prompt issuance of an injunction and the appeal which followed. *Id.*

The fifth factor is neutral. *Id.* at 800-01. Federal law will not control the merits decision. *Id.*

The sixth and final factor "is likewise neutral." *Id.* at 801. As in *Lucien*, "there is no indication that [the plaintiffs] would suffer from inadequate protection of [their] interests in" the Arkansas court. *Id.* The affirmative claims asserted in this proceeding can be pursued as counterclaims in Arkansas.

In short, we are presented with a situation very similar to the Fifth Circuit's published decision from 2014: "two of the six *Colorado River* factors are neutral, two weigh slightly in favor of abstention, and two weigh heavily in favor of abstention." *Id.* There, the Fifth Circuit concluded that "though abstention from the exercise of federal jurisdiction is the exception, not the rule, this case is the embodiment of that rare exception. The exceptional circumstances present here warrant abstention." *Id.* (quotation marks, citation, and brackets omitted).

Having considered the particular circumstances of this case, the Court agrees. It will abstain from hearing this matter.

The motion is therefore granted and this case is stayed pending final resolution of the Arkansas litigation. The Clerk of Court shall administratively close this case. If further proceedings here become necessary, either party may move to reopen this case without payment

of another filing fee.

      **SO ORDERED**, this the 24th day of February, 2020.

                                                s/ Carlton W. Reeves
                                                UNITED STATES DISTRICT JUDGE